# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510                                   Telephone: (212) 317-1200
New York, New York 10165                                          Facsimile: (212) 317-1620

December 4, 2018

**VIA ECF**

Hon. Valerie E. Caproni
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

                          Re:      *A. Suarez, et al. v. Fresh Natural Food Inc., et al*
                                    Case No. 17-cv-5280-VEC

Dear Judge Caproni:

      This office represents Plaintiff Julio A. Suarez ("Plaintiff") in the above-referenced matter. We submit this letter, together with Defendants' counsel, to respectfully request that the Court approve the settlement reached between Plaintiff and Defendants Fresh Natural Food Inc.and Mohammad Choudry (collectively, "Defendants" and together with Plaintiff, the "Parties").

      The Parties have agreed to resolve this action on the mutually acceptable terms. The Parties' agreement has been memorialized in a fully executed Settlement Agreement (the "Agreement"), a copy of which is attached hereto as **Exhibit A.** We therefore ask the Court to approve the settlement, pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015).

      The Parties represent to the Court that, as a result of the mediated settlement, they believe that the Agreement is fair, as discussed herein.

**Background**

      Plaintiff was employed by Defendants to work at a restaurant located at 589 First Avenue, New York, New York 10016 under the name "Panini Tozt." Plaintiff was employed by Defendants as a food preparer, cook and ostensibly as a delivery worker from approximately 2007 until on or about June 2, 2017. From approximately June 2011 until on or about February 2016, Plaintiff typically worked 66 hours per week. From approximately February 2016 until on or about June 2017, Plaintiff typically worked 63 hours per week. From approximately June 2011 until on or about June 2016, Defendants paid Plaintiff his wages in cash. From approximately July 2016 until on or about July 2017, Defendants paid Plaintiff his wages in combination of check and cash. From approximately June 2011 until on or about June 2012, Defendants paid Plaintiff $350 per week. From approximately June 2012 until on or about December 2012, Defendants paid Plaintiff a fixed salary of $380 per week. From approximately December 2012 until on or about December 2014, Defendants paid Plaintiff a fixed salary of $400 per week. From approximately December 2014 until on or about May 2016, Defendants paid Plaintiff a fixed salary of $450 per week. From

*Certified as a minority-owned business in the State of New York*

approximately May 2016 until on or about July 2016, Defendants paid Plaintiff a fixed salary of $500 per week. From approximately July 2016 until on or about June 2017, Defendants paid Plaintiff a fixed salary of $600 per week ($230 by check and $370 in cash).

Defendants deny Plaintiff's allegations and assert that Plaintiff was paid in accordance with the law. In particular, Defendants dispute (1) Plaintiff's claim that he is owed unpaid wages at the minimum wage rate; (2) Plaintiff's claim regarding the number of overtime hours that he supposedly worked without compensation at the overtime rate; and (3) Plaintiff's computation of his alleged damages.

The Parties thus acknowledge that they each face risks of not being able to prevail on some or all of their respective claims and/or defenses if this case were to proceed to trial. Moreover, Defendants assert that they have financial issues, such that even if Plaintiff were to prevail at trial, he may not be able to collect. In order to avoid the risks, expense and burdens of further litigation in establishing their respective positions, the Parties agreed to resolve and settle the case.

**Settlement**

Plaintiff estimates that, in a best case scenario, he would be entitled to approximately $127,671.75 in minimum and overtime base wages. However, if Defendants were to succeed in proving that Plaintiff was paid in accordance with the law, he estimates that he would be entitled much less, if anything at all. Defendants for their part assert that they should not be liable to Plaintiff for any unpaid wages or penalties. Accordingly, the Parties have agreed to resolve this action for the total sum of **$130,000.00**, which will be paid as outlined in **Exhibit A**.[1] Eighty-Six Thousand Six-Hundred and Sixty-Six Dollars and Sixty-Seven Cents ($86,666.67) of the settlement amount will be paid to the Plaintiff, in full satisfaction of any wages or penalties owed. The remaining Forty-Three Thousand Three-Hundred and Thirty Three Dollars and Thirty-Three Cents ($43,333.33) will be paid to Michael Faillace & Associates, P.C., as attorneys' fees and costs.

There is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (*quoting* Crabtree v. Volkert, Inc., 2013 WL 593500, at *3 (S.D. Ala. Feb. 14, 2013)). "In considering whether a settlement is fair and reasonable, the principal question is 'whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Id.* (*quoting* Le v. SITA Info. Networking Computing USA, Inc., 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)). Courts consider factors including "(1) the Plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between

---

[1] The settlement sum will be paid over a period of two years because of the Defendants' financial difficulties. The Defendants are only able to a certain amount of money per month. Defendants want to ensure they will be able to pay the sum of money they are promising to pay each month so that they do not default.

Hon. Valerie E. Caproni
December 4, 2018
Page 3 of 4

experienced counsel'; and (5) the possibility of fraud or collusion." Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (*quoting* Medley v. Am. Cancer Soc., No. 10-cv-3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

The Agreement here is fair to the Plaintiff. Plaintiff has been represented by counsel throughout this lawsuit and, as a result of his participation in the Court-ordered mediation session, has made an informed decision to settle the action, without incurring the costs or encumbrance of lengthy trial. The One Hundred and Thirty Thousand Dollars ($130,000.00) that he will be receiving accounts for any alleged unpaid minimum and overtime wages that he could have potentially recovered at trial, as well as attorneys' fees. This recovery is also well over what the Plaintiff would recover if Defendants were to successfully establish that Plaintiff was paid in accordance with the law. Furthermore, the Agreement is the product of arm's-length bargaining between experienced counsel and there is no possibility of fraud or collusion.

Given the conflicting evidence, the quality of the evidence and counsel and the allocation of the burden of proof on Plaintiff, the settlement represents a reasonable compromise with respect to contested issues. Further, while this action was pleaded as a collective action under the FLSA, it has not been prosecuted as such, and there has been no publicity concerning this matter; consequently, there is no prejudice to any potential class member who is not a party to the Agreement.

### **The Plaintiff's Attorneys' Fees are Fair and Reasonable**

Under the settlement, Plaintiffs' counsel will receive $43,333.33 from the settlement fund as attorneys' fees and costs. This represents one-third of the Settlement amount, a reduction in fees from what is identified in the Plaintiff's retainer agreement, which provides that forty percent of the Plaintiff's recovery will be retained by the firm.

The amount provided to the Plaintiff's counsel under the settlement is fair and reasonable as it is consistent with the range of fees typically awarded in cases in this Circuit. *See* Castaneda v. My Belly's Playlist LLC, No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also* Calle v. Elite Specialty Coatings Plus, Inc., 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit"). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiffs' requested award is reasonable. *See* Alleyne v. Time Moving & Storage Inc., 264 F.R.D. 41, 60 (E.D.N.Y. 2010); *see also* McDaniel v. Cnty. of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010).

Given the Plaintiff's counsel's significant experience representing plaintiffs in New York City in wage and hour litigation, the Plaintiff's counsel was able to obtain a favorable pre-trial result.

Attached hereto as **Exhibit B**, are the Plaintiff's attorneys' time records. A brief biography of each attorney who performed billed work in this matter is as follows:

- Mr. Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

- Sara Isaacson is an associate at Michael Faillace & Associates, P.C. She graduated from Benjamin N. Cardozo School of Law in 2015. During law school, Ms. Isaacson worked as a law clerk at the employment firm of Virginia & Ambinder, LLP. After graduating law school, Ms. Isaacson worked at a commercial litigation firm which also specialized in the defense of wage and hour litigation. Since joining Michael Faillace & Associates, P.C. in May 2017, she has been responsible for all aspects of the firm's employment docket in federal court.

The requested attorneys' fees and costs in the Parties' settlement are reasonable under the circumstances and the Plaintiff has agreed to these fees and costs by agreeing to the settlement amount. As a result, the fees should be approved.

**Conclusion**

Plaintiff has been represented by counsel throughout this lawsuit, and Plaintiff's counsel has agreed to the settlement amount based on the approval of their client. Plaintiff's interests have thus been adequately safeguarded.

In full consideration of the issues presented in *Cheeks,* we believe that the Parties' agreement is fair and reasonable, and that the settlement should be approved. A Stipulation of Final Dismissal will be filed for so-ordering after execution of the agreement and upon receipt of confirmation from the Court that the settlement has been approved.

Thank you for your consideration in this matter.

Respectfully Submitted,

/s/ Michael Faillace
Michael Faillace, Esq.
Michael Faillace & Associates, P.C.
*Attorneys for Plaintiff*

cc: Tram D. LoPresto, Esq. (via ECF)
    Andrew Hoffmann, Esq. (via ECF)
    *Attorney for Defendants*